AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
APR 16 2010
LAWRENCE K. BAERMAN, CLERK
ALBANY

| | |
|---|---|
| United States of America<br>v.<br>Robert Palma<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  1:10-mJ-0202 DRH<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __between 4/1/07 and 4/2/08__ in the county of __Saratoga__ in the __Northern__ District of __New York__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251(a) | Production of Child Pornography |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

FBI Special Agent David Fallon
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/16/10

_____
*Judge's signature*

David R. Homer, U.S.M.J.
*Printed name and title*

City and state: _____

Affidavit for Criminal Complaint

I, David C. Fallon, being duly sworn do depose and state as follows:

1. I have been employed as a Special Agent of the FBI since May 19, 1991, and am currently assigned to the Albany Division, Albany, New York. My experience as an FBI Agent includes being assigned to conduct criminal investigations occurring in the Northern District of New York. I have been a Special Agent of the FBI for approximately nineteen years. I have conducted numerous investigations of computer related crimes including crimes associated with the possession/distribution/production of child pornography and child exploitation using the internet. I am also a member of the FBI's Child Abduction Rapid Deployment Team with extensive specialty training related to conducting, leading, and managing investigations related to missing and abducted children. I also serve as the case agent for the Albany Division's Capital Region Cyber Predator Task Force which targets online child sexual predators and those individuals who trade child pornography. Prior to becoming employed as a Special Agent, I was an attorney licensed to practice law in the State of Rhode Island.

2. This affidavit is made in support of a Criminal Complaint charging ROBERT PALMA with the production of child pornography in violation of 18 U.S.C. 2251(a).

3. The statements contained in this affidavit are based upon an investigation conducted by members of the Saratoga Springs, New York, Police Department (SSPD), information provided by other law enforcement personnel specially trained in the seizure and analysis of computers and electronic media, and on my experience and training as a special agent of the FBI . Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that ROBERT PALMA violated 18 U.S.C. 2251(a) by illegally producing child pornography.

4. According to information provided in a written report by SSPD Officers, John Barney and Glen Vidnansky, on January 15, 2010, the mother (hereinafter "Jane Doe"), of two girls currently aged 14 and 18, reported information to the Saratoga Springs Police Department (SSPD) which alleged that her boyfriend, Robert PALMA, secretly videotaped her two daughters, then ages 12 and 15, as they undressed before taking a shower and/or dried off after showering. Jane Doe learned of these videos after she tried to access the family computer, but found that it was locked with an unknown security code.

5. According to SSPD reports, on December 5, 2009, PALMA and Jane Doe (who, at this time were living at the same address with Jane Doe's daughters, Jane Doe 2 (currently age 18), Jane Doe 3 (currently age 14), and PALMA's eighteen year old son) became involved in a domestic dispute for which the police were called. PALMA was arrested as a result of the domestic dispute and barred from the residence through an order of protection.

6. According to SSPD reports, after PALMA was barred from the residence, Jane Doe needed to use a computer located in the family room to access information. Jane Doe and her children had used this computer in the past. Prior to using the computer, however, PALMA "unlocked" the computer using a password/security code. According to SSPD reports, the computer contained a private video of Jane Doe and PALMA along with some other photographs of Jane Doe that PALMA had taken. Jane Doe was concerned that PALMA might post the video and photos on the Internet to embarrass her or her children. According to SSPD reports, Jane Doe initially told law enforcement that she needed to obtain New York State income tax documents from the computer – and that the computer was transferred to her attorney to obtain assistance in locating the tax documents.

7. According to SSPD reports, when discussing the domestic issues relating to her boyfriend with her attorney, Jane Doe told her attorney about the video and photos that were located on the computer. At the request of her attorney, Jane Doe transported the computer from her living room to the attorney who had a computer technician access the computer's contents. Shortly

after receiving the computer, Jane Doe's attorney contacted Jane Doe and advised Jane Doe that some questionable things were found on the computer. According to SSPD reports, the attorney located a computer folder with a title that corresponded to one of Jane Doe's daughter's names. The attorney then advised Jane Doe that a file with the girl's name was located on the computer and that the folder contained videos that she needed to review. Jane Doe's attorney advised Jane Doe that he copied a number of images and movies to computer disks which he provided to Jane Doe. Jane Doe reviewed the computer disks subsequently provided to her by the attorney. These videos and images depicted Jane Doe's daughters as they prepared to shower or dry off after showering. After viewing the videos and the angle of the shots, Jane Doe located a hole in the wall near the toilet at her home. Jane Doe traced this hole back to her garage where part of the ceiling had been removed allowing access to the bathroom through a hole. It appears that the hole from the garage to the toilet area of the bathroom was used to capture the pictures of Jane Doe's two daughters.

8. Jane Doe identified the individuals in the videos as her daughters, Jane Doe 2 and Jane Doe 3. Jane Doe estimated that at the time the videos were taken, Jane Doe 2 was approximately 15 years old and Jane Doe 3 was approximately 12 years old.

9. According to a report provided to your affiant by the SSPD, Jane Doe purchased a Canon digital camera for PALMA as a gift for his birthday in March 2007. According to the report, Jane Doe noted that the camera was capable of producing videos if the camera had a memory card inserted into the camera. Jane Doe advised SSPD that she has not seen the camera in her home and that she was only able to locate the empty box that contained the camera when it was initially purchased. The empty box recovered by Jane Doe – which she provided to the SSPD – corresponded to a Canon Powershot camera, Model SD 630, which was manufactured outside of New York State.

10. On January 27, 2010, I reviewed copies of the computer disks made by Jane Doe's attorney. A majority of the movies viewed depicted either Jane Doe 2 or Jane Doe 3, naked, drying off after showering. In eight of the videos reviewed, the naked vaginal areas of

either Jane Doe 2 or Jane Doe 3 were observed. The operator of the camera was able to manipulate the picture to zoom in and out of the girls' vaginal areas such that some of the videos depicted a close up view of their vaginal areas. Based on my experience and training, these 8 videos constitute child pornography because they depict the lascivious exhibition of the genital areas of females under the age of 18.

11.     In reviewing the computer disks made by Jane Doe's attorney, your affiant was able to observe -- by accessing the "properties" section of each image -- that the "still" images (which are nonpornographic) were produced using a Canon Powershot camera, Model SD630. Because the video files that included the child pornography did not list such information in their "properties", a forensic examination of these files was conducted to view the metadata of each video file including the video files containing the child pornography. The metadata for each video file contained, among other information, the date and time the video was created and the manufacturer of the camera taking the video. The forensic examination identified the camera used to produce the videos as a Canon camera.  According to the metadata, the eight videos were produced on various dates and times between April 1, 2007, and April 2, 2008.

12.     Based on my experience and training, I know that all Canon digital cameras are manufactured outside of New York state.

13. During the course of my investigation, I have learned that Jane Doe's attorney (to whom she provided the computer) has been disbarred from practice in New York State. I have also learned that the examination of the computer and the preparation of the disks that included the images of Jane Doe 2 and Jane Doe 3 were performed by a third party at the direction of the attorney.

David C. Fallon
Special Agent
Federal Bureau of Investigation

SUBSCRIBED TO AND SWORN TO
BEFORE ME THIS 16 the DAY
OF APRIL, 2010

Hon. David R. Homer
United States Magistrate