U.S. DISTRICT COURT - N.D. OF N.Y.
F I L E D
SEP 13 2010
AT_____O'CLOCK_____
Lawrence K. Baerman, Clerk - Bing.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************

UNITED STATES OF AMERICA

v.

**ROBERT PALMA,**

        Defendant.

*******************************

PLEA AGREEMENT

Criminal Action No.
10-CR- 403

RICHARD S. HARTUNIAN, United States Attorney for the Northern District of New York (by NATHANIEL J. DORFMAN, appearing) and ROBERT PALMA (with PAUL DEROHANNESIAN, Esq., appearing) hereby enter into the following Plea Agreement regarding the disposition of certain criminal charges against the Defendant:

    1.    **Defendant's Promises.**  In return for the consideration described below, ROBERT PALMA (or "Defendant") agrees as follows:

    a.    ROBERT PALMA will waive indictment and enter a plea of "Guilty" to a one-count Information charging him with the possession of child pornography on or about December 9, 2009, in violation of 18 U.S.C. §2252A(a)(5)(B), as outlined in more detail below; and

    b.    ROBERT PALMA consents to the entry of an order directing him to pay restitution in full to any person who would qualify as a victim, under 18 U.S.C. § 2259 or § 3663A.

    c.    ROBERT PALMA consents to the entry of an order directing him to forfeit certain assets to the United States, pursuant to the Forfeiture Allegation in the Indictment.

1

d. ROBERT PALMA waives his right to appeal or collaterally attack his conviction and sentence in the event he receives a sentence of 120 months or less, as more fully set forth in paragraph 15, below.

2. **Potential Penalties.** ROBERT PALMA understands that his guilty plea to 18 U.S.C. §2252A(a)(5)(B) will subject him to the following potential penalties:

    i. <u>Maximum term of imprisonment</u>: 10 years. (18 U.S.C. §2252A(b)(2))

    ii. <u>Mandatory minimum term of imprisonment</u>: None.

    iii. <u>Supervised Release</u>: In addition to imposing any other penalty, the sentencing Court may require the Defendant to serve a term of supervised release of not less than 5 years, and up to life, to begin at the expiration of any term of imprisonment imposed upon him. (18 U.S.C. § 3583(k)). Should the Defendant be placed on a term of supervised release and subsequently violate any of the terms and conditions of that release before the expiration of such term, he may be sentenced to up to 2 years imprisonment in addition to any prison term previously imposed upon him and in addition to the statutory maximum term of imprisonment set forth above. Under some circumstances, the Court may also extend the term of supervised release, and it may modify, reduce, or enlarge the conditions of such release. If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment

2

under 18 U.S.C. §3583(e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

    iv.    <u>Maximum fine</u>: $250,000.00. (18 U.S.C. § 3571(b)(3)).

    v.    <u>Special Assessment</u>: The Defendant will be required to pay an assessment of $100.00, which is due and payable at the time of sentencing. (18 U.S.C. § 3013) The Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100.00, payable to the U.S. District Court at the time of his sentencing.

    vi.    <u>Interest and penalties</u>: Interest and penalties may accrue, as a matter of law, on any unpaid financial obligation imposed as part of the Defendant's sentence, from as early as the date of sentencing.

    vii.    <u>Collateral Consequences</u>: Conviction of a felony under this Agreement may result in the loss of certain civil rights, including, but not limited to, the right to vote or the right to possess firearms.

    vii.    <u>Required Registration for Sex Offenders</u>: The Defendant, as a result of his conviction in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the Defendant resides, where the he is an employee, and where the he is a student. For initial registration purposes, the Defendant must also register in New York as a result of this conviction, even if he resides in a different jurisdiction. A sex offender who knowingly fails to register or update a required registration may be subject to prosecution under 18 U.S.C. § 2250, and face a penalty of up to ten years imprisonment.

3

   viii. <u>Mandatory Restitution</u>: Pursuant to Section 3663A of Title 18 of the United States Code, the sentencing Court must order that the Defendant pay restitution to any victim of the offense of conviction.

   ix. <u>Forfeiture</u>: The sentence imposed by the Court may include an order of forfeiture, as more fully set forth below.

  3. **Sentencing Factors.** ROBERT PALMA understands that the sentence to be imposed upon him is within the discretion of the sentencing Court, subject to the statutory maximum penalties and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by *United States v. Booker* and *United States v. Fanfan*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). In imposing the sentence, the Court must take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). While the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors. The United States Attorney's Office will ask the Court to apply the Guidelines in effect on the date of sentencing, pursuant to 18 U.S.C. § 3553(a)(4)(A)(ii) and U.S.S.G. § 1B1.11, even if the application of the Guidelines in effect at the time the defendant committed the offense would generate a lower sentencing range.

  4. **Elements of the Offenses.** ROBERT PALMA understands that the legal elements of the offense stated in 18 U.S.C. § 2522A(a)(5)(B), are as follows:

   i. That he knowingly possessed a computer in the Northern District of New York;

   ii. That he knew that this computer contained visual depictions of minors engaged in sexually explicit conduct;

4

iii. That these visual depictions and the production of these visual depictions involved the use of actual identifiable minors engaged in sexually explicit conduct; and.

iv. That the visual depictions were produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce.

5. **Factual Basis for the Plea.** ROBERT PALMA admits the following facts which establish his guilt on the offense stated in 18 U.S.C. § 2252A(a)(5)(B).

Between March 1, 2007, and January 1, 2010, the approximate dates of the conduct described below, ROBERT PALMA resided in Saratoga County, New York, which is within the Northern District of New York.

Beginning on approximately March 1, 2007 and continuing at periodic intervals until approximately June 1, 2009, ROBERT PALMA used a Canon digital camera to produce video images of two female minors (identified as Jane Doe #1 and Jane Doe #2) engaged in the lascivious exhibition of their genital areas. Specifically, ROBERT PALMA, standing on a step ladder in the garage of his residence, directed the lens on the Canon digital camera at a hole in the ceiling of the garage that connected to the floor of a bathroom in the residence. The shower in this bathroom was regularly used by Jane Doe #1 and Jane Doe #2. Using the video recording feature of the Canon digital camera, ROBERT PALMA produced at least 10 videos between March 1, 2007, and June 1, 2009, of Jane Doe #1 and/or Jane Doe #2 while they entered and exited the shower, towel dried their respective bodies after showering, and dressed/undressed before or after showering. At least 5 of these videos (hereinafter "Sexually Explicit Videos") captured Jane Doe #1 or Jane Doe #2 engaged in sexually explicit conduct as that term is defined in 18 U.S.C. 2256(2). Specifically, these Sexually Explicit Videos captured Jane Doe #1 and/or

Jane Doe #2 engaged in the lascivious exhibition of the genital and pubic areas. In producing the Sexually Explicit Videos, ROBERT PALMA used the zoom feature of the Canon digital camera to zoom-in on the naked genital and pubic areas of Jane Doe #1 or Jane Doe #2 as they entered and exited the shower, towel dried their respective body after showering, or dressed/undressed before or after showering.

The canon digital camera used to produce these the Sexually Explicit Videos of Jane Doe #1 and Jane Doe #2 was manufactured outside of New York State.

At the time that the Sexually Explicit Videos were produced by Robert Palma, both Jane Doe #1 and Jane Doe #2 were under the age of 18. Jane Doe #1 was between 15 and 17 years of age when the Sexually Explicit Videos were produced. Jane Doe #2 was between 12 and 14 years of age when the Sexually Explicit Videos were produced.

After producing the Sexually Explicit Videos, ROBERT PALMA transferred the videos to the following two computers that he owned: (1) Dell Computer Tower, Model Dimension 8200, Serial Number 4WQT511; (2) Dell Laptop Computer, Model PP33L, Serial Number 3SYZ0F1. Both of the computers, and the respective hard drives therein, were manufactured outside of New York State.

On December 9, 2009, the Sexually Explicit Videos of Jane Doe #1 and Jane Doe #2. were stored on the hard drives of both the Dell Computer Tower, Model Dimension 8200, Serial Number 4WQT511, and the Dell Laptop Computer, Model PP33L, Serial Number 3SYZ0F1. ROBERT PALMA possessed both the Dell Computer Tower, Model Dimension 8200, Serial Number 4WQT511 and the Dell Laptop Computer, Model PP33L, Serial Number 3SYZ0F1 on December 9, 2009, knowing that the two computers contained visual depictions of minors

engaged in sexually explicit conduct. The Sexually Explicit Videos possessed on the two computers captured actual identifiable minors engaged in sexually explicit conduct. The Sexually Explicit Videos were produced using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce.

      a. The Defendant understands that the sentencing Court may make factual findings with respect to any and all sentencing factors and issues, including those referenced in the United States Sentencing Guidelines, whether or not such factors or issues have been admitted by the Defendant or stipulated by the parties. In making those findings by a preponderance of the evidence, the Court may consider any reliable evidence, including hearsay. The Defendant agrees that his sentence may be determined based upon such judicial fact-finding.

      6. **Use of Defendant's Admissions.** The Defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth above, shall be admissible and useable against him by the United States in any subsequent criminal or civil proceeding, even if he fails to enter a guilty plea pursuant to this Agreement, or if such a guilty plea is later vacated or withdrawn. The Defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410, to the extent these rules are inconsistent with this paragraph or with any paragraphs below.

      7. **Collection of Financial Obligations.** In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees fully to disclose all assets in which he has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The Defendant will promptly submit a completed financial statement to the U.S. Attorney's

Office, in a form it provides and as it directs. The Defendant promises that his financial statement and disclosures will be complete, accurate and truthful.

8. **Government's Promises and Reservation of Rights.** In exchange for the plea of guilty to 18 U.S.C. § 2252A(a)(5)(B) by ROBERT PALMA and his continuing compliance with all of the terms of this Plea Agreement, the United States Attorneys' Office for the Northern District of New York agrees as follows:

    a.    The United States will bring no further federal criminal charges against ROBERT PALMA relating to his possession and production of child pornography depicting Jane Doe1 and Jane Doe 2 committed prior to the date of this agreement, and his admissions in paragraph 5, above, for so long as the guilty plea and sentence on Count 1 of the Information remains in effect.

    b.    If the guilty plea to the one-count Information is later withdrawn or vacated, the charges not prosecuted pursuant to subparagraph 8a of this Agreement may be filed and prosecuted, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the reinstatement of any such charges. ROBERT PALMA waives any defense or objection to the reinstatement and prosecution of any such charges that are not time-barred by the applicable statute of limitations as of the date of this Agreement.

    c.    The United States Attorney's Office reserves the right to recommend a specific sentence within the applicable Guidelines range determined by the Court.

    d.    The United States Attorneys' Office reserves the right to advise the sentencing Court and the Probation Office of any information, in aggravation or

mitigation of sentencing, whether or not encompassed within Count 1 of the Information.

9. **Stipulations**. The U.S. Attorney's Office and ROBERT PALMA agree to stipulate at sentencing to the statements set forth in the subparagraphs below.

   a. The U.S. Attorney's Office will recommend a 2-level downward adjustment to the applicable Sentencing Guidelines range, if (A) through the time of sentencing, the Defendant clearly demonstrates "acceptance of responsibility" to the satisfaction of the Government for the offense of knowingly failing to update sex offender registration information, as defined in U.S.S.G. § 3E1.1(a); and (B) the Government does not learn of new evidence of conduct committed by the Defendant, either before or after his guilty plea, that constitutes "obstruction of justice," as defined in U.S.S.G. § 3C1.1. If the Defendant promptly enters a plea of guilty, thereby permitting the U.S. Attorney's Office to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the U.S. Attorney's Office may, in its sole discretion, move for an additional downward adjustment of 1 level pursuant to U.S.S.G. § 3E1.1(b)(2).

   b. The Defendant's Criminal History Category cannot be definitively determined prior to the completion of the presentence investigation

   c. It is understood that these stipulations cannot and do not bind the sentencing Court, which may make independent factual findings by a preponderance of the evidence and may reject any or all stipulations between the parties. The rejection of any or all stipulations by the Court will not be the basis for the withdrawal of a

      plea of guilty by the Defendant, and will not release either the U.S. Attorney's Office or the Defendant from any other portion of this Agreement, including any other stipulations agreed to herein.

  d. No stipulation in this Agreement shall affect the parties' respective obligations to ensure that, to the extent possible, the Court has all information pertinent to its determination of an appropriate sentence. The parties may provide any such factual information to the Probation Office and/or to the Court, without limitation, before or after the completion of the Presentence Investigation Report, and agree that the submission of such information shall not be deemed "advocacy" in violation of any stipulation in this Agreement.

  e. To the extent the stipulations above do not reflect agreement on any factor or issue potentially affecting the applicable advisory Sentencing Guidelines range, the Defendant and the U.S. Attorney's Office each expressly reserves the right to advocate if, and how, any such factor or issue would apply under the Sentencing Guidelines.

10. **Preliminary Sentencing Guidelines Estimates.** The Defendant understands that any estimate of the Defendant's total offense level, criminal history score, and/or Sentencing Guidelines range provided before sentencing is preliminary and is not binding on the parties to this Agreement, the Probation Office, or the Court

11. **Remedies for Breach.** Should the U.S. Attorney's Office determine that the Defendant, after the date of this Plea Agreement, (i) has committed any further crime or violated any condition of release or supervision imposed by the Court (whether or not charged);

10

(ii) has given false, incomplete, or misleading testimony or information; or (iii) has otherwise breached any condition of this Agreement, the U.S. Attorney's Office will have the right, in its sole discretion, to void this Agreement, in whole or in part.  In the event of any such breach, the Defendant will not be permitted to withdraw his guilty plea under this Agreement, but will thereafter be subject to prosecution for any federal criminal violation of which the U.S. Attorney's Office has knowledge, including but not limited to charges that this Office has agreed not to prosecute subparagraph 8a of this Agreement.

      a. The Defendant waives any defense or objection to the commencement of any such prosecution that is not time-barred by the applicable statute of limitations as of the date of this Agreement, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecution.

      b. Moreover, in connection with any such prosecution, any information, statement, or testimony provided by the Defendant, and all leads derived therefrom, may be used against him, without limitation.

      12. **Limitations on Agreement.**  This Agreement is limited to the U.S. Attorney's Office for the Northern District of New York and cannot bind other federal, state or local prosecuting authorities.  Furthermore, this Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the Defendant, including, but not limited to, proceedings by the Internal Revenue Service relating to potential civil tax liability or proceedings relating to the forfeiture of assets.

13. **Agreement Not Binding on the Court.** The Court is neither a party to, nor bound by this Agreement. The Court may accept or reject this Plea Agreement or defer a decision until it has considered the Presentence Investigation Report prepared by the U.S. Probation Office.

 a. If the Court rejects the provisions of this Agreement permitting the Defendant to plead guilty to Count 1 of the information in satisfaction of other charges, which provisions were negotiated pursuant to Fed. R. Crim. P. 11(c)(1)(A), the Court will afford the Defendant an opportunity to withdraw his plea of guilty prior to sentencing, pursuant to Fed. R. Crim. P. 11(c)(5) & (d).

 b. The Court is not bound by any recommendation, stipulation, or request made by the parties, pursuant to Fed. R. Crim. P. 11(c)(1)(B), as to the appropriate sentence, and the Defendant may not withdraw his plea of guilty if the Court declines to follow any such recommendation, stipulation, or request. The U.S. Attorney's Office reserves the right to support and defend, in connection with any post-sentencing proceedings, any decision the Court may make with regard to the Defendant's sentence, whether or not such decision is consistent with this Office's recommendations, stipulations, or requests.

14. **Waiver of Defendant's Rights.** The Defendant acknowledges that he has read each of the provisions of the entire Plea Agreement with the assistance of counsel and understands its provisions.

 a. The Defendant understands his right to assistance of counsel at every stage of the proceeding and has discussed his constitutional and other rights with

12

defense counsel. The Defendant understands that by entering a plea of guilty, he will be giving up his rights (I) to be presumed innocent until proven guilty beyond a reasonable doubt; (ii) to plead not guilty; (iii) to trial by jury; (iv) to confront, cross-examine, and compel the attendance of witnesses at trial; (v) to present evidence in his defense; and (vi) to remain silent and refuse to be a witness against himself by asserting the privilege against self-incrimination.

  b. The Defendant has been advised by defense counsel of the nature of the charges to which he is entering a guilty plea and the nature and range of the possible sentence. The Defendant understands the sentencing Court's obligation to consider the United States Sentencing Guidelines as explained further in paragraph 3 above and the Court's discretion to depart from those Guidelines under some circumstances or otherwise to impose a reasonable sentence outside of the applicable Sentencing Guidelines range.

  c. The Defendant further acknowledges that his plea is voluntary and did not result from any force, threat, or promises (other than the promises in this Plea Agreement).

15. **<u>Waiver of Appeal and Collateral Attack.</u>** The Defendant acknowledges that, after consultation with defense counsel, he fully understands the extent of his rights to appeal, and/or to collaterally attack the conviction and sentence in this case, except for the amount of any restitution ordered by the Court. The Defendant waives any and all rights, including those conferred by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255, to appeal or collaterally attack his conviction and any sentence of imprisonment of 120 months or less, including any related issues

13

with respect to the establishment of the advisory Sentencing Guidelines range or the reasonableness of the sentence imposed.  The Defendant acknowledges that the number of months specified above is not a promise of any particular sentence and is not binding on the Court.  The Defendant agrees that, should the sentence imposed exceed 120 months, this would not permit him to withdraw his guilty plea or to appeal or collaterally attack his conviction, but would merely allow the Defendant to appeal or collaterally attack the sentence imposed by the Court, to the extent permitted by 18 U.S.C. § 3742 and/or 28 U.S.C. § 2255.  The defendant reserves his right to appeal the amount of restitution, if any, ordered by the Court.

16. **Forfeiture.**  The Defendant hereby forfeits, to the United States, all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, as set forth in the Forfeiture Allegation of the Information, pursuant to 18 U.S.C. 2253, whether those assets are in the possession or control of the Defendant, a nominee or some other third party.

1. The Defendant consents to the entry of an order of forfeiture of these assets: (1) Dell Computer Tower, Model Dimension 8200, Serial Number 4WQT511; (2) Dell Laptop Computer, Model PP33L, Serial Number 3SYZ0F1.

2. Forfeiture of the Defendant's assets will not satisfy all, or any portion of, a fine, restitution, or other penalty that the Court may impose upon the Defendant in addition to forfeiture.

3. The Defendant agrees to cooperate with the United States by taking whatever steps are necessary to pass clear title to the United States of any forfeitable assets.

4. The Defendant waives his right to a jury trial on the forfeiture of assets. The Defendant waives all Constitutional, legal and equitable defenses to the forfeiture of assets,

as provided by this Agreement, in any proceeding, including but not limited to any jeopardy defense or claim of double jeopardy or any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of an excessive fine.

    5.    The Defendant acknowledges that the Government may institute civil or administrative proceedings against any or all of the Defendant's forfeitable assets, and agrees not to contest any such forfeiture proceedings.

    6.    The Defendant represents and warrants that he has no direct or indirect interest in any property, real or personal, or other asset subject to forfeiture by virtue of this Plea Agreement, other than those listed in the Forfeiture Allegations of the information.

    7.    In the event the U.S. Attorney's Office determines that the Defendant has breached any condition of this Agreement, the Defendant agrees that none of the forfeited property shall be returned to him, nor shall he assert any claim to the forfeited property. The Defendant shall not reacquire any forfeited property, directly or indirectly, through family members, nominees, friends or associates.

    17.  **Memorialization of Agreement.** No promises, agreements or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless memorialized in writing and signed by all parties. This Agreement, to become effective, must be signed by all of the parties listed below.

RICHARD S. HARTUNIAN  
United States Attorney  
Northern District of New York

Dated: 9-13, 2010   By: *[signature]*  
NATHANIEL J. DORFMAN  
Assistant U.S. Attorney

15

Bar Roll No. 515196

Dated: _SEPT - 13 -_, 2010

_____
ROBERT PALMA
Defendant

Dated: _Sept. 13_, 2010

_____
PAUL DEROHANNESIAN, Esq.
Attorney for Defendant
Bar Roll No. 104792

16